GENOVESE, J.,
dissents and assigns the following reasons.
|TIn this case, an innocent fifty-year-old lady was arrested, handcuffed, and dragged down to the police station for attempting to cash (at defendant’s bank) a $30.00 check given to her for services she rendered in her hair salon. This is appalling.
Under La.Civ.Code art. 2315, the foundation for our tort system, one has a duty to act reasonably to avoid harm to others. The majority finds that the bank owed no duty to the plaintiff. However, I find that there was both negligence (a breach of duty) and the intentional tort of false imprisonment in this case. The plaintiff did nothing wrong. The bank, on the other hand, breached its duty to the plaintiff, a legitimate bank customer engaged in a routine banking transaction (cashing a check), by lying to the plaintiff, stalling, and unlawfully detaining her in the “drive-thru” for some thirty minutes until the police came and carted her off in public. All of this over a $30.00 check with a signature that did not match the bank’s records.
There were several key facts that were not mentioned in the majority opinion. The plaintiff was stalled and detained in the “drive-thru” for some thirty minutes. The plaintiff had cashed checks at this bank on several prior occasions. The plaintiff gave the bank her driver’s license, which the bank kept and would not return to her during the incident. The bank lied to the plaintiff telling her that “the computers were |2down.” During the thirty-minute wait, the plaintiff offered to leave and come back, but the bank told her that she could not leave. All the bank had or needed to do was simply record the information on the check and driver’s license and dishonor the check. If the ($30.00) transaction proved to be fraudulent, then the bank could have easily turned it over to the authorities to apprehend the plaintiff, a local hair stylist. We’re not dealing with Bonnie and Clyde here.
The bank certainly breached its duty to act reasonably to avoid harm to the plaintiff. The bank would not give the plaintiff her driver’s license and would not let her leave the “drive-thru” for some thirty minutes. This constitutes the tort of false imprisonment which is the unlawful detention of a person without authority. The bank had no legal or other authority to lie to the plaintiff, to mislead the plaintiff, to detain or stall the plaintiff, or to refuse to return her driver’s license. This is not a shoplifting case where merchants are legally permitted to detain a suspected shoplifter for sixty minutes until the police arrive as per La.Code Crim.P. art. 215.
In my view, the bank did owe a duty to the plaintiff, and it breached that duty and falsely imprisoned her. Though I find the damage award to the plaintiff to be on the high side, I do not find that the trial court abused its discretion in that regard. I would affirm the trial court judgment in all respects.